UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK
------------------------------------------------------------X
TRUSTEES OF THE INTERNATIONAL
UNION OF OPERATING ENGINEERS
LOCAL 30 BENEFIT FUNDS,
                         Plaintiff(s),

                          **REPORT AND RECOMMENDATION**
          -against-                  CV 04-1938 (DRH) (WDW)
TRANS ISLAND LOCK & SAFE, INC.,
                         Defendant(s).
------------------------------------------------------------X
**WILLIAM D. WALL, United States Magistrate Judge:**

       This matter was referred to the undersigned by District Judge Hurley for the purpose of conducting an inquest and issuing a report and recommendation with respect to damages. The Clerk entered a certificate of default on October 1, 2004, and Judge Hurley granted the motion for default judgment on October 5, 2004, referring the damages issues to the undersigned. The plaintiffs, Trustees of the International Union of Operating Engineers Local 30 Benefit Funds ("the Funds"), submitted supplemental documents in support of the claimed damages in late September 2005.

       The plaintiff Funds seek to recover, pursuant to the Employee Retirement Income Security Act ("ERISA"), 29 U.S.C. §§1132 and 1145, delinquent contributions allegedly owed to the Funds under the terms of a Collective Bargaining Agreement between the parties and a related Trust Agreement. *See* Borruso Aff., Exhs. A & B. The plaintiffs also seek interest, liquidated damages and attorney's fees and costs. For the reasons set forth herein, the undersigned recommends that no damages, interest, fees or costs be awarded at this time because the plaintiffs have not proven the amount of damages as required.

# DISCUSSION

The plaintiffs allege that the defendant, Trans Island Lock & Safe, has failed to pay required contributions in violation of Section 515 of ERISA, 29 U.S.C. §1145, giving rise to an action pursuant to Section 502(a)(3), 29 U.S.C. §1132(a)(3). 29 U.S.C.§1145, provides that:

> Every employer who is obligated to make contributions to a multiemployer plan under the terms of the plan or under the terms of the collectively bargained agreement shall, to the extent not inconsistent with law, make such contributions in accordance with the terms and conditions of such plan or such agreement.
>
> Section 502(g), 29U.S.C.§1132(g)(2), provides in relevant part:
>
> In any action under this subchapter by a fiduciary for or on behalf of a plan to enforce section 1145 of this title in which a judgment in favor of the plan is awarded, the court shall award the plan —
>
>     (A) the unpaid contributions,
>     (B) interest on the unpaid contributions,
>     (C) . . . liquidated damages . . .,
>     (D) reasonable attorney's fees and costs of the action, to be paid by the defendant, . . .

The plaintiffs seek damages pursuant to section 1145.

As noted earlier, a default judgment was granted by Judge Hurley in October 2004. A default constitutes an admission of all well-pleaded factual allegations in the complaint except those relating to damages. *See Greyhound Exhibitgroup, Inc. v. E.L.U.L. Realty Corp.*, 973 F.2d 155, 158 (2d Cir. 1993). Thus, "'[a]lthough the default establishes a defendant's liability, unless the amount of damages is certain, the court is required to make an independent determination of the sum to be awarded.'" *Ann Taylor, Inc. v. Interstate Motor Carrier, Inc.*, 2004 U.S. Dist. LEXIS 18173, *7 (S.D.N.Y. Sept. 13, 2004) (quoting *Wong v. East River Chinese Restaurant,* 884 F. Supp. 663, 669 (E.D.N.Y. 1995)(additional citations omitted)).

2

In this regard, Rule 55 provides that if, "in order to enable the court to enter judgment or to carry it into effect, it is necessary to take an account or to determine the amount of damages," that is, if the amount sought is not a sum certain, "the court may conduct such hearing or order such references as it deems necessary and proper . . ." Fed. R. Civ. P. 55(b)(2). A formal hearing is not necessary, but the District Court must ensure that there is "a basis for the damages specified in the default judgment," and must satisfy itself that the amounts sought are warranted. *Transatlantic Marine Claims Agency, Inc. v. M/V Hyundai Emperor,* 109 F.3d 105, 111 (2d Cir. 1997) (citing *Fustok v. ContiCommodity Servs., Inc.,* 873 F.2d 38, 40 (2d Cir. 1989)). Here, the plaintiffs have provided an insufficient basis for the damages sought, and none should be awarded.

**Delinquent Contributions, Interest, and Liquidated Damages:**

The Complaint, filed in May 2004, seeks a minimum of $25,563.50 in unpaid contributions for the period October 2003 through February 2004, along with interest from the date of delinquency, statutory liquidated damages, attorney's fees and costs. The Amended Complaint, filed in July 2004, repeats both the $25,563.50 figure and the October 2003 to February 2004 time frame[1]. The papers submitted by the plaintiffs in support of the default, however, seek $49,363.50 in unpaid contributions, for the period October 2003 to August 2004.

The plaintiffs support their claim for the unpaid contributions with the affidavit of Kristen

---

[1] The Affirmation for Judgment by Default, submitted by Danielle Cerone in September 2004 in support of the Motion for a Default Judgment, states that the "amended complaint seeks judgment for benefit fund contributions for the period of October 2003 through August 2004." See Cerone Aff., ¶ 6. The Amended Complaint does not do so, however; it merely reiterates the $25,563.50 demand for the 10/03-2/04 time period. See Am. Compl. ¶ 15 & the Wherefore Clause. Indeed, the only apparent change in the Amended Complaint appears to be the deletion of a reference to the Sisters of Charity Medical Center in paragraph 11.

3

Borruso, a fund manager who is the custodian of books and records of the plaintiff Funds. She reports that, pursuant to the Collective Bargaining Agreement between the parties, the defendant is required to submit monthly remittance reports and contributions to the Funds on behalf of its covered employees, and that the contributions are calculated on the basis of monthly remittance reports. Borusso Aff., ¶ Ex. A. She points to the Local 30 Trust Fund Agreement and Declaration of Trust ("the Trust Document"), which requires that reports and contributions are due to the Funds no later than the thirtieth day of the month following the month in which covered employment occurred, and are delinquent if received thereafter. Borruso Aff. ¶2&3. Pursuant to the Trust Document, an employer who fails to timely make the required contributions is required to pay: (1) interest on the delinquent contributions at prime rate on the day of default, in this case 4%[2]; (2) liquidated damages at a rate of 20% of the unpaid contributions, and (3) reasonable attorney's fees. Id. ¶4. As noted, the plaintiffs now allege that the defendant failed to pay the contributions due to the Funds on behalf of covered employees for the months of October 2003 through August 2004 in the principal amount of $49,363.50. Borruso Aff. ¶5.

Ms. Borruso has provided no detail at all about how this figure was arrived at, other than to identify herself as the custodian of books and records, and to state that she has reviewed and is familiar with "the payment histories of employers obligated to make contributions to the Funds." Id. at ¶1. She does not specifically say that she has reviewed or is familiar with the payment history of the defendant in this action, does not establish that the defendant continued to do

---

[2] This is at odds with the claim for 10% interest that appears in the Cerone Affirmation for Judgment by Default and the Statement of Damages submitted in September 2004, a claim that is repeated in the Statement of Damages Affirmation submitted by Danielle Carney in September 2005. The discrepancy is yet another example of the sloppiness with which the plaintiffs' papers have been prepared.

business during the entire period of time for which contributions are sought, and does not explain why no audit was conducted or attempted. Further, although the Collective Bargaining and Trust Agreements set forth Trans Island's general obligations, they do not provide any support for the specific amounts allegedly owed by the defendant. Under these circumstances, although the court recognizes that the plaintiffs are probably entitled to some amount of delinquent contributions, the amount claimed cannot be verified on the papers before the court.

The same is true as to the interest and liquidated damages amounts sought. Although the Trust Agreement does specify that the rate of interest will be determined at the "prime interest rate of the Amalgamated Bank of New York on the day of default, "and the court accepts the plaintiffs' claim that the prime rate in October 2003 was 4%, the amount of interest is predicated on the amount of the default and it cannot be computed now. Moreover, the plaintiffs seek two years of interest, and the court does not understand why that time period is specified. Finally, the amount of liquidated damages can only be computed after the amount of unpaid contributions is verified.

In short, the papers before the court are lacking necessary information, are sloppy and inconsistent, and cannot support an award of damages. Thus, the undersigned recommends that the plaintiffs be awarded no damages. The undersigned takes no position on whether or not Judge Hurley should allow the plaintiffs to submit supplemental papers in support of their damages claim.

**Attorney's fees and costs:**

The plaintiffs also seek attorney's fees in the amount of either $2150 (set forth in the proposed default judgment and the Statement of Damages submitted in September 2004) or

$1680 (set forth in the Carney Statement of Damages Affirmation submitted in September 2005), and costs in the amount of $224. 29 U.S.C. §1132(g)(1) provides that reasonable attorney's fees and costs shall be awarded in "any action by a fiduciary for or on behalf of a plan to enforce section 1145 of this title in which a judgment in favor of the plan is awarded . . ." The question arises whether, where no damages are awarded, the plaintiffs are nonetheless entitled to reasonable attorney's fees and costs.

The language of Section 1145 appears straightforward, requiring an award of reasonable fees and costs in an action where "a judgment in favor of the plan is awarded." Here, of course, a default judgment has been granted by Judge Hurley. It is unclear, however, whether section 1145 contemplates entry of a judgment that awards damages, or whether entry of a judgment devoid of damages suffices to trigger entitlement to fees and costs. The latter would seem to be the more sensible approach. An argument can also be made that, where, as here, the plaintiffs had ample opportunity to prove their damages and have failed to do so by their own oversight, an award of no fees would be "reasonable." Cf. *Pino v. Locascio,* 101 F.3d 235, 237 (2d Cir. 1997) (denying attorney's fees under a prevailing party standard and noting that "In some circumstances, even a plaintiff who formally 'prevails'. . . should receive no attorney's fees at all. A plaintiff who seeks compensatory damages but receives no more than nominal damages is often such a prevailing party.")

Inasmuch as this issue was not raised earlier, the undersigned declines to recommend a finding, and instead recommends that, if judgment is entered without damages, the plaintiffs be permitted to brief the section 1145 issue before a decision is made as to their entitlement to fees and costs. If they are permitted by Judge Hurley to submit additional damages papers and are

able to establish a basis for the damages claimed, they, will, of course, also be entitled to attorney's fees, provided that they meet the standard for fee applications[3].

**OBJECTIONS**

A copy of the Report and Recommendation is being sent by the Court to the plaintiffs by electronic filing on the date below. Any objections to this Report and Recommendation must be filed with the Clerk of the Court with a courtesy copy to the undersigned within 10 days of service. Failure to file objections within this period waives the right to appeal the District Court's Order. *See* 28 U.S.C. §636 (b) (1); Fed. R. Civ. P. 72; *Beverly v. Walker,* 118 F.3d 900, 902 (2d Cir. 1997); *Savoie v. Merchants Bank,* 84 F.3d 52, 60 (2d Cir. 1996).

Dated: Central Islip, New York
November 17, 2005

                                         s/ William D. Wall
                                        WILLIAM D. WALL
                                        United States Magistrate Judge

---

[3] The application now before the court is deficient in that regard. A fee application must, *inter alia*, be supported by contemporaneous time records that describe with specificity, by attorney, the nature of the work done, the hours expended, and the dates. *New York State Ass'n for Retarded Children, Inc. v. Carey*, 711 F.2d 1136, 1147-48 (2d Cir. 1983). Here, there are no contemporaneous time records. The application is supported only by the affirmation of attorney Danielle Carney. It lists certain activities performed by Ms. Carney and another, unnamed attorney, and states the dates on which the work was done. Even assuming that such an affirmation is sufficient to satisfy the contemporaneous time records requirement, there are other problems with the fees application. For example, the plaintiffs seek fees for 1.7 hours spent preparing the affidavit of Carl Schwarz. The undersigned has searched the record and has found no affidavit by someone named Carl Schwarz.